IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NESSCAP CO., LTD., | ) |
| | ) |
|     Plaintiff and | ) |
|     Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 06-00764-GMS |
| | ) |
| MAXWELL TECHNOLOGIES, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
|     Defendant and | ) |
|     Counterclaim Plaintiff. | ) |
| | ) |

## ANSWER AND COUNTERCLAIMS

Defendant, Maxwell Technologies, Inc. ("Maxwell") by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and hereby answers each of the numbered paragraphs of NessCap Co., Ltd's ("NessCap's") Complaint for Patent Infringement, filed on December 14, 2006, as follows:

### THE PARTIES

1.    Maxwell admits that NessCap is engaged in the research, development, production, and sales of ultracapacitors. Maxwell is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 1 and therefore denies them.

2.    Maxwell admits that it is a Delaware corporation with its principal place of business at 8244 Balboa Avenue, San Diego, California.

## JURISDICTION AND VENUE

3. Maxwell admits that this purports to be an action for patent infringement under 35 U.S.C. § 1 *et seq.*

4. Maxwell admits that this action is justicible in a United States District Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Maxwell admits that venue is proper in this judicial district. However, venue should be transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a).

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,743,644

6. Maxwell incorporates each and every answer and objection set forth in Paragraphs 1 through 5 as if fully set forth herein.

7. Maxwell admits that the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,743,544 ("the '544 patent") entitled "Electric Energy Storage Device" on June 1, 2004. Maxwell admits that Sung Min Kim, Yong Ho Jung, and Sun Wook Kim are listed on the face of the '544 patent as the inventors. Maxwell is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 7 and therefore denies them.

8. Maxwell admits that Ness Capacitor Co., Ltd. (KR) is listed as the assignee on the face of the '544 patent. Maxwell is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 8 and therefore denies them.

9. Maxwell denies the averments of Paragraph 9.

10. Maxwell objects to Paragraph 10 to the extent it is vague and ambiguous regarding when Maxwell became aware of the '544 patent. Maxwell admits that is currently has knowledge of the '544 patent.

11. Maxwell denies the averments of Paragraph 11.

12. Maxwell denies the averments of Paragraph 12.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Maxwell further answers NessCap's Complaint and asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

13  The Complaint, and each cause of action therein, fails to state any claims against Maxwell upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

14. Maxwell has not directly infringed, indirectly infringed, contributed to, or induced the infringement of any valid, assertable claim of the '544 patent, and has not otherwise committed any acts in violation of 35 U.S.C. §§ 271 or 281.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

15. By reason of the proceedings in the PTO, including the prosecution of the application which resulted in the '544 patent, and by reason of elections, positions, concessions, representations, and statements therein taken or made by or on behalf of the

applicants for such patents, NessCap is estopped from construing the claims of the patents in suit, even if it were otherwise possible, to cover and include any products made, used, or sold by Maxwell or any acts by Maxwell.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

16. Claims of the '544 patent are void, invalid, and unenforceable for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

17. NessCap is not entitled to the relief it seeks against Maxwell in the Complaint on the grounds that the '544 patent is void and unenforceable due to inequitable conduct in the prosecution of the '544 patent before the PTO, as more particularly alleged below.

18. The '544 patent issued on June 1, 2004, based on a U.S. Patent Application Number 09/840,034 ("the '034 application"), which was filed on April 24, 2001. The '034 application claims filing priority to the April 25, 2000 filing date of Korean Patent Application No. 2000-21881. At that time, electrical energy storage devices similar to the one described in the '544 patent were known in the art. For example, Maxwell had already invented the double-layered capacitors depicted in U.S. Patent No. 5,862,035 ("the '035 patent"), which issued on January 19, 1999, and U.S. Patent No. 5,907,472 ("the '472 patent"), which issued on May 25, 1999. When the '035 patent and the '472 patent issued in 1999, Maxwell and NessCap's predecessor were competitors.

19.     The inventors of the '544 patent recognized that prior art electrical energy storage devices existed at the time of the '034 application. Despite knowing of the existence of such prior art, and despite knowing that Maxwell sold competing ultracapacitors in the United States at the time of the '034 application, the inventors withheld from the PTO all specific prior art patents and publications of which they were aware. In fact, the inventors did not cite the '035 patent, the '472 patent, or any other prior art reference throughout the more than three year prosecution of the '544 patent. The applicant inventors knew, or should have known, that the prior art would be material to the PTO's consideration of the '034 application. Intent to deceive may be inferred by the failure to cite even a single reference in light of the fact that the applicant inventors were clearly aware of the prior art in general.

## SIXTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

20.     NessCap is not entitled to the relief it seeks against Maxwell in the Complaint on the grounds that the '544 patent is unenforceable for misuse of the patent by NessCap.

## SEVENTH AFFIRMATIVE DEFENSE
### (Costs Unavailable)

21.     On information and belief, NessCap is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## COMPULSORY COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Maxwell for its Counterclaims alleges as follows and hereby demands a jury trial on all issues so triable:

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '544 PATENT

1. Maxwell incorporates and realleges paragraphs 1 - 21 of the Answer and each of its defenses.

2. Maxwell is a Delaware corporation and has its principal place of business at 9244 Balboa Avenue, San Diego, California 92123.

3. NessCap is a foreign entity with its principal place of business at 750-8, Gomae-Dong, Kiheung-Gu, Yongin, Kyonggi-Do, 449-901, Republic of Korea.

4. By its Complaint, NessCap alleges that the '544 patent is valid and enforceable. Maxwell has denied these allegations and contends that the '544 patent is void, invalid, and unenforceable under 35 U.S.C. §§ 102, 103, and/or 112. A justiciable controversy therefore exists between NessCap and Maxwell with respect to this issue. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

5. By this Counterclaim, Maxwell seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '544 patent is void, invalid, and unenforceable under 35 U.S.C. §§ 102, 103 and/or 112.

6. A judicial declaration is necessary and appropriate at this time in order that Maxwell may ascertain its rights and duties with respect to the '544 patent.

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '544 PATENT

7. Maxwell incorporates and realleges paragraphs 1 - 6 of its Counterclaim.

8. By its Complaint, NessCap alleges that Maxwell has infringed the '544 patent, and that as the owner of the '544 patent, it is entitled to relief for Maxwell's

alleged infringement of the patent. Maxwell has denied these allegations and contends that it does not infringe the patent or any valid asserted claim thereof. A justiciable controversy therefore exists between NessCap and Maxwell. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

9. By this Counterclaim, Maxwell seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '544 patent or any valid asserted claim thereof.

10. A judicial declaration is necessary and appropriate at this time in order that Maxwell may ascertain its rights and duties with respect to the '544 patent.

### **DEMAND FOR JURY TRIAL**

11. Maxwell demands a trial by jury of any and all issues triable as of right by a jury in this action.

### **PRAYER FOR RELIEF**

WHEREFORE, Maxwell requests that the Court award the following relief:

A. Dismiss NessCap's Complaint with prejudice and find that NessCap takes nothing by its claims;

B. Enter judgment in favor of Maxwell and against NessCap on all claims in the Complaint;

C. Declare that the '544 patent, or some or all of the claims therein, is void, invalid and unenforceable;

D.  Declare that Maxwell has not infringed the '544 patent or any valid asserted claim therein;

E.  Enjoin NessCap, its assigns, and all those in privity therewith from asserting the '544 patent against Maxwell or any of its customers or suppliers;

F.  Find this case an exceptional case and award Maxwell attorneys' fees and costs (including expert fees) under 35 U.S.C. § 285; and

G.  Grant such other and further relief as the Court deems just and proper.

Dated: January 03, 2007

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

MORRISON & FOERSTER LLP
David C. Doyle (CA Bar No. 70690)
Eric M. Acker (CA Bar No. 135805)
Brian M. Kramer (CA Bar No. 201780)
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
(858) 720-5100
ddoyle@mofo.com

*Attorneys for Defendant, Counter-Plaintiff Maxwell Technologies, Inc.*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on January 3, 2007, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Denise Seastone Kraft, Esquire
>EDWARDS ANGELL PALMER & DODGE LLP
>919 North Market Street
>Suite 1500
>Wilmington, DE 19801
>*dkraft@eapdlaw.com*

I further certify that on January 3, 2007, the foregoing document was served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

### BY FEDERAL EXPRESS

>George W. Neuner, Esquire
>Brian M. Gaff, Esquire
>EDWARDS ANGELL PALMER & DODGE LLP
>101 Federal Street
>Boston, MA 02110

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Karen E. Keller*
>Karen E. Keller (No. 4489)
>The Brandywine Building, 17th Floor
>1000 West Street
>Wilmington, DE 19801
>302-571-6600
>*kkeller@ycst.com*