IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

| | |
|---|---|
| NESSCAP CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>MAXWELL TECHNOLOGIES, INC.<br><br>    Defendant. | JURY TRIAL DEMANDED<br><br>Civil Action No.: 1:06-cv-00764-GMS |

## REPLY TO DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Plaintiff NessCap Co., Ltd. ("NessCap") replies to the numbered paragraphs of Defendant Maxwell Technologies, Inc.'s ("Maxwell"), Affirmative Defenses and Counterclaims set forth in Maxwell's Answer (Dkt. No. 7).

### MAXWELL'S AFFIRMATIVE DEFENSES

13. The Complaint, and each cause of action therein, fails to state any claims against Maxwell upon which relief can be granted.

**ANSWER:** Denied.

14. Maxwell has not directly infringed, indirectly infringed, contributed to, or induced the infringement of any valid, assertable claim of the '544 patent [U.S. Patent No. 6,743,544], and has not otherwise committed any acts in violation of 35 U.S.C. §§ 271 or 281.

**ANSWER:** Denied.

15. By reason of the proceedings in the PTO, including the prosecution of the application which resulted in the '544 patent, and by reason of elections, positions, concessions,

representations, and statements therein taken or made by or on behalf of the applicants for such patents, NessCap is estopped from construing the claims of the patents in suit, even if it were otherwise possible, to cover and include any products made, used, or sold by Maxwell or any acts by Maxwell.

**ANSWER:** Denied.

16. Claims of the '544 patent are void, invalid, and unenforceable for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

**ANSWER:** Denied.

17. NessCap is not entitled to the relief it seeks against Maxwell in the Complaint on the grounds that the '544 patent is void and unenforceable due to inequitable conduct in the prosecution of the '544 patent before the PTO, as more particularly alleged below.

**ANSWER:** Denied.

18. The '544 patent issued on June 1, 2004, based on a U.S. Patent Application Number 09/840,034 ("the '034 application"), which was filed on April 24, 2001. The '034 application claims filing priority to the April 25, 2000 filing date of Korean Patent Application No. 2000-21881. At that time, electrical energy storage devices similar to the one described in the '544 patent were known in the art. For example, Maxwell had already invented the double-layered capacitors depicted in U.S. Patent No. 5,862,035 ("the '035 patent"), which issued on January 19, 1999, and U.S. Patent No. 5,907,472 ("the '472 patent"), which issued on May 25, 1999. When the '035 patent and the '472 patent issued in 1999, Maxwell and NessCap's predecessor were competitors.

**ANSWER:** NessCap admits that U.S. Patent No. 6,743,544 issued on June 1, 2004, based on U.S. Patent Application Serial No. 09/840,034 that was filed on April 24, 2001.

NessCap admits that U.S. Patent Application Serial No. 09/840,034 claims priority to Korean Patent Application No. 2000-21881, filed on April 25, 2000. NessCap denies that at that time electrical energy storage devices similar to the one described in U.S. Patent No. 6,743,544 were known in the art. NessCap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and denies any implication that U.S. Patent Nos. 5,862,035 or 5,907,472 are valid or enforceable.

19.     The inventors of the '544 patent recognized that prior art electrical energy storage devices existed at the time of the '034 application. Despite knowing of the existence of such prior art, and despite knowing that Maxwell sold competing ultracapacitors in the United States at the time of the '034 application, the inventors withheld from the PTO all specific prior art patents and publications of which they were aware. In fact, the inventors did not cite the '035 patent, the '472 patent, or any other prior art reference throughout the more than three year prosecution of the '544 patent. The applicant inventors knew, or should have known, that the prior art would be material to the PTO's consideration of the '034 application. Intent to deceive may be inferred by the failure to cite even a single reference in light of the fact that the applicant inventors were clearly aware of the prior art in general.

**ANSWER:**   NessCap admits that the inventors listed on U.S. Patent No. 6,743,544 were generally aware of types of electrical energy storage devices that existed at the time of U.S. Patent Application Serial No. 09/840,034. NessCap denies the remaining allegations in this paragraph.

20.     NessCap is not entitled to the relief it seeks against Maxwell in the Complaint on the grounds that the '544 patent is unenforceable for misuse of the patent by NessCap.

**ANSWER:**   Denied.

21. On information and belief. NessCap is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

**ANSWER:** Denied.

### MAXWELL'S COUNTERCLAIMS

1. Maxwell incorporates and realleges paragraphs 1 - 21 of the Answer and each of its defenses.

**ANSWER:** Maxwell's answers to paragraphs 1-12 of NessCap's complaint contain no allegations requiring a reply. NessCap's replies to Maxwell's paragraphs 13-21 are set forth above and incorporated herein by reference.

2. Maxwell is a Delaware corporation and has its principal place of business at 9244 Balboa Avenue, San Diego, California 92123.

**ANSWER:** Admitted.

3. NessCap is a foreign entity with its principal place of business at 750-8, Gomae-Dong, Kiheung-Gu, Yongin, Kyonggi-Do, 449-901, Republic of Korea.

**ANSWER:** NessCap admits that it is a company located at (466-901) 750-8 Gome-Dong, Kiheung-Gu, Yongin-City, Kyonggi-Do, South Korea and organized under South Korean law. NessCap denies the remaining allegations in this paragraph.

4. By its Complaint, NessCap alleges that the '544 patent is valid and enforceable. Maxwell has denied these allegations and contends that the '544 patent is void, invalid, and unenforceable under 35 U.S.C. §§ 102, 103, and/or 112. A justiciable controversy therefore exists between NessCap and Maxwell with respect to this issue. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

**ANSWER:**   NessCap admits that by its Complaint, and in view of 35 U.S.C. § 282, it alleges that U.S. Patent No. 6,743,544 is valid and enforceable. NessCap denies that U.S. Patent No. 6,743,544 is void, invalid, or enforceable. NessCap admits that a justiciable controversy exists between NessCap and Maxwell, that Maxwell's counterclaim arises under the Patent Laws, 35 U.S.C. § 1 et seq., and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

5.   By this Counterclaim, Maxwell seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 (a) that the '544 patent is void, invalid, and unenforceable under 35 U.S.C. §§ 102, 103 and/or 112.

**ANSWER:**   NessCap admits that Maxwell is seeking a declaratory judgment regarding U.S. Patent No. 6,743,544. NessCap denies any implication that U.S. Patent No. 6,743,544 is void, invalid, or enforceable.

6.   A judicial declaration is necessary and appropriate at this time in order that Maxwell may ascertain its rights and duties with respect to the '544 patent.

**ANSWER:**   Admitted.

7.   Maxwell incorporates and realleges paragraphs 1 - 6 of its Counterclaim.

**ANSWER:**   NessCap's replies to Maxwell's paragraphs 1-6 are set forth above and incorporated herein by reference.

8.   By its Complaint, NessCap alleges that Maxwell has infringed the '544 patent, and that as the owner of the '544 patent, it is entitled to relief for Maxwell's alleged infringement of the patent, Maxwell has denied these allegations and contends that it does not infringe the patent or any valid asserted claim thereof. A justiciable controversy therefore exists between NessCap and Maxwell. Because this counterclaim arises under the Patent Laws, Title 35 of the

United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

**ANSWER:** NessCap admits that, by its Complaint, it alleges that it is the owner of U.S. Patent No. 6,743,544 and that Maxwell infringes this patent. NessCap admits that Maxwell has denied NessCap's allegations of infringement. NessCap admits that a justiciable controversy exists between NessCap and Maxwell, that Maxwell's counterclaim arises under the Patent Laws, 35 U.S.C. § 1 et seq., and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

9. By this Counterclaim, Maxwell seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '544 patent or any valid asserted claim thereof.

**ANSWER:** NessCap admits that Maxwell is seeking a declaratory judgment regarding U.S. Patent No. 6,743,544. NessCap denies any implication that Maxwell does not infringe U.S. Patent No. 6,743,544.

10. A judicial declaration is necessary and appropriate at this time in order that Maxwell may ascertain its rights and duties with respect to the '544 patent.

**ANSWER:** Admitted.

11. Maxwell demands a trial by jury of any and all issues triable as of right by a jury in this action.

**ANSWER:** The statements in this paragraph are not allegations requiring a response.

### NESSCAP'S AFFIRMATIVE DEFENSES

1. Maxwell has willfully infringed and is willfully infringing U.S. Patent No. 6,743,544.

2. U.S. Patent No. 6,743,544 is not invalid.

3. U.S. Patent No. 6,743,544 is not void or unenforceable.

4. Maxwell's Counterclaim for Declaratory Judgment of Invalidity fails to state a claim on which relief can be granted with respect to Maxwell's allegations that U.S. Patent No. 6,743,544 is void or unenforceable.

## **PRAYERS FOR RELIEF**

WHEREFORE, NessCap denies that Maxwell is entitled to any of the relief prayed for in its Counterclaim, and NessCap requests judgment against Maxwell and respectfully prays that this Court enter orders that:

(a) Maxwell's Counterclaims be dismissed with prejudice;

(b) NessCap be awarded its attorneys' fees and costs in this matter; and;

(c) Such other and further relief that the NessCap may be entitled to as a matter of law or that the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, NessCap demands a trial by jury on all issues so triable.

Date: January 23, 2007

**EDWARDS ANGELL PALMER & DODGE LLP**

_____
Denise Seastone Kraft (DE No. 2778)
919 North Market Street
Wilmington, DE 19801
(302) 425-7106
(888) 325-9741 (fax)

*Attorneys for NessCap Co., Ltd.*

**OF COUNSEL:**

George W. Neuner (*Of the Massachusetts Bar*)
Brian M. Gaff (*Of the Massachusetts Bar*)
**EDWARDS ANGELL PALMER & DODGE LLP**
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (fax)

**CERTIFICATE OF SERVICE**

I, Denise Seastone Kraft, hereby certify that on January 23, 2007, the attached **Reply To Defendant's Counterclaims and Affirmative Defenses** was served upon the following persons and was electronically filed with the Clerk of the Court using CM/ECF:

**VIA HAND DELIVERY**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Karen E. Keller, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801

**VIA U.S. FIRST CLASS MAIL**

David C. Doyle, Esq.
Brian M. Kramer, Esq.
Morrison & Foerster LLP
12531 High Bluff Drive
Suite 100
San Diego, CA 92130

Denise Seastone Kraft (No. 2778)