**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| NESSCAP CO., LTD.,<br><br>              Plaintiff,<br><br>       v.<br><br>MAXWELL TECHNOLOGIES, INC.<br><br>              Defendant. | JURY TRIAL DEMANDED<br><br>Civil Action No.: 1:06-cv-00764-GMS |

**OPENING BRIEF IN SUPPORT OF NESSCAP CO., LTD.'S MOTION FOR
LEAVE TO FILE SUR-REPLY OPPOSING DEFENDANT'S MOTION TO
TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

Denise Seastone Kraft (DE No. 2778)
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street
Wilmington, DE  19801
(302) 425-7106
(888) 325-9741 (fax)

George W. Neuner (*Of the Massachusetts Bar*)
Brian M. Gaff (*Of the Massachusetts Bar*)
EDWARDS ANGELL PALMER & DODGE LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (fax)

*Attorneys for Plaintiff NessCap Co., Ltd.*

## TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................................................................i

TABLE OF AUTHORITIES............................................................................................................ii

APPENDIX A......................................................................................................................3

APPENDIX B......................................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**<u>Statutes</u>**
28 U.S.C. § 1404(a) ...................................................................................................................1


**<u>Rules</u>**
D. Del. LR 7.1.3(c)(2) ...............................................................................................................1

Plaintiff NessCap Co., Ltd. ("LIMITED") respectfully moves this Court for leave to file the accompanying Sur-Reply Opposing Maxwell Technologies, Inc.'s Motion to Transfer Venue to the United States District Court for the Southern District of California Pursuant to 28 U.S.C. § 1404(a) (attached as Appendix A). Defendant Maxwell Technologies, Inc. ("Maxwell") recently filed a Reply Brief supporting its motion (D.I. 24), in which Maxwell raised arguments that it should have raised in its previous papers, but did not in violation of D. Del. LR 7.1.3(c)(2), and misrepresents certain facts. LIMITED respectfully requests that the new arguments be stricken. If not stricken, LIMITED presents a brief response demonstrating that the new arguments are unfounded.

Maxwell's belated arguments go to the basis of its pending motion to transfer and, therefore, Maxwell should have raised these arguments in its previous papers. By withholding the arguments until now, Maxwell seeks to unfairly prevent LIMITED from responding to and addressing the fallacy of Maxwell's new positions. Accordingly, LIMITED seeks leave to file the attached Sur-Reply memorandum to address Maxwell's previously withheld arguments and to thereby clarify and narrow the issues raised in Maxwell's motion. Attached hereto as Appendix B is a Proposed Order granting LIMITED the requested leave.

1

Respectfully submitted,


Dated: March 9, 2007                    EDWARDS ANGELL PALMER & DODGE LLP


                                         /s/ Denise Seastone Kraft
                                        Denise Seastone Kraft (DE No. 2778)
                                        919 North Market Street
                                        Wilmington, DE  19801
                                        (302) 425-7106
                                        (888) 325-9741 (fax)

                                        *Attorneys for NessCap Co., Ltd.*

**OF COUNSEL:**

George W. Neuner (*Of the Massachusetts Bar*)
Brian M. Gaff (*Of the Massachusetts Bar*)
EDWARDS ANGELL PALMER & DODGE LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (fax)

2

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| NESSCAP CO., LTD., | |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | Civil Action No.: 1:06-cv-00764-GMS |
| MAXWELL TECHNOLOGIES, INC. | |
| Defendant. | |

**NESSCAP CO., LTD.'S SUR-REPLY OPPOSING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

Denise Seastone Kraft (DE No. 2778)
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street
Wilmington, DE 19801
(302) 425-7106
(888) 325-9741 (fax)

George W. Neuner (*Of the Massachusetts Bar*)
Brian M. Gaff (*Of the Massachusetts Bar*)
EDWARDS ANGELL PALMER & DODGE LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (fax)

*Attorneys for Plaintiff NessCap Co., Ltd.*

Dated: March 9, 2007

## TABLE OF AUTHORITIES

**Rules**
D. Del. LR 7.1.3(c)(2) ...............................................................................................1, 2
Fed. R. Civ. P. 4.........................................................................................................4

**Regulations**
37 C.F.R. § 1.56(c)(2) (2006)........................................................................................3

In its Reply Brief in support of its Motion to Transfer Venue to the United States District Court for the Southern District of California Pursuant to 28 U.S.C. § 1404(a) (D.I. 24), Defendant Maxwell Technologies, Inc. ("Maxwell") raised new arguments which, pursuant to D. Del. LR 7.1.3(c)(2), it should have raised in its initial motion and memorandum (D.I. 12, 13), and misrepresents certain facts. Accordingly, Plaintiff NessCap Co., Ltd. ("LIMITED") respectfully requests that this Court strike Maxwell's new arguments or, in the alternative, consider its brief Sur-Reply demonstrating that the new arguments are unfounded.

Beginning on page two of its Reply, Maxwell states for the first time that its former employees Dr. Priya Bendale and Mr. Curtis J. Farahmandi[1] are the "only" witnesses who can testify as to their intent to willfully infringe the patent-in-suit (U.S. Pat. No. 6,743,544). Nowhere in its initial motion and memorandum (D.I. 12, 13) does Maxwell make this claim. Indeed, in its memorandum Maxwell characterized Dr. Bendale as "an important witness regarding the Maxwell prior art that invalidates the '544 patent." Memorandum, D.I. 13 at 10. As for Mr. Farahmandi, Maxwell introduced him by claiming that two patents on which he is a named inventor support its affirmative defense of inequitable conduct. Answer and Counterclaim, D.I. 7, ¶¶ 18-19. Later, Maxwell claimed that his purported knowledge of the accused products and Maxwell prior art patents would "likely" make him a witness on both infringement and invalidity. Reply, D.I. 13 at 10.

Maxwell's prior description of Dr. Bendale's and Mr. Farahmandi's potential testimony stands in stark contrast to the new description of their potential testimony that

---

[1] Presumably this is the same individual that Maxwell identified as "Mr. C. Joseph Farahmandi" in its Memorandum (D.I. 13). *See* Memorandum, D.I. 13 at 10.

appears for the first time in Maxwell's Reply. It is apparent that Maxwell, faced with the weakness of its original argument as to the convenience of these potential witnesses, has attempted to recast these individuals as the "only" persons capable of testifying on an issue. Maxwell's failure to raise in its earlier papers the purportedly <u>unique</u> role that Dr. Bendale and Mr. Farahmandi would have as witnesses and reserve that argument for its Reply is in direct conflict with D. Del. L.R. 7.1.3(c)(2). Consequently, LIMITED respectfully urges that Maxwell's argument that Dr. Bendale and Mr. Farahmandi are the "only" witnesses who can testify as to their intent to willfully infringe the patent-in-suit be stricken.

Maxwell adds another new argument in its Reply: that its Switzerland-based design team invented "only 2 of 29" accused products. Reply, D.I. 13 at 4-5. With this revelation, Maxwell tries to bolster its other new argument regarding Dr. Bendale and Mr. Farahmandi by downplaying the significance of its Switzerland-based employees. Maxwell cannot have it both ways by now minimizing the importance of its Switzerland-based employees in this action after first relying on two of them to support its motion for transfer. *See* Schneuwly Declaration (D.I. 16); Gallay Declaration (D.I. 17). In any event, applying Maxwell's argument in its Reply to the accused products designed in Switzerland, it would be the testimony of the members of the Switzerland-based design team that is relevant to the issue of willful infringement, meaning that Dr. Bendale and Mr. Farahmandi are <u>not</u> the "only" witnesses capable of testifying on this issue. Clearly, then, even if not stricken, Maxwell's new argument regarding Dr. Bendale and Mr. Farahmandi is without merit.

In addition to its new arguments, Maxwell also introduces certain facts in its Reply that are incomplete and misleading. With respect to the prosecution of the patent-in-suit, Maxwell neglects to disclose that Mr. Steven M. Rabin, Patent Attorney Registration No. 29,102, signed several documents in the prosecution history and that Mr. Rabin is located nearby in Washington, D.C. Indeed, all of the correspondence between the Patent Office and attorneys prosecuting the patent-in-suit originated or terminated in Washington, D.C. Maxwell's attempt to downplay the importance of the testimony of members of the law firm that prosecuted the patent-in-suit regarding Maxwell's affirmative defense of inequitable conduct is without merit, because the duty to disclose to the Patent Office the information that Maxwell identified in its Answer[2] extends to "each attorney or agent who prepares or prosecutes the application." 37 C.F.R. § 1.56(c)(2) (2006). It is irrelevant that Maxwell wants to limit this duty to the inventors only.

Maxwell's characterization of LIMITED's "failure" to provide it with LIMITED's brief in opposition to its motion for a preliminary injunction as "gamesmanship" is outrageous and insulting. Reply, D.I. 24 at 12. Maxwell knows full well that Judge John A. Houston of the San Diego District Court – on his own initiative – ordered that LIMITED's brief and supporting materials be filed under seal to prevent any prejudice to LIMITED by ensuring that Maxwell have no more than seven days to reply to the brief in the event that LIMITED's and its parent NessCap, Inc.'s motions to dismiss are denied. *See* Gaff Declaration, D.I. 23, Ex. 2. Maxwell now laments being unable to view LIMITED's San Diego opposition, but it can only blame itself for its predicament. Indeed, Maxwell's activities in the San Diego action are a litany of

---

[2] D.I. 7, ¶¶ 18-19.

missteps: (i) its multiple attempts to serve LIMITED failed to comply with Fed. R. Civ. P. 4, (ii) it failed to offer LIMITED an opportunity to waive service of process pursuant to Fed. R. Civ. P 4(d), (iii) it rushed to file its initial and replacement motions for a preliminary injunction before confirming sufficient service of process, and (iv) it rejected LIMITED's offer to withdraw its motion to dismiss.[3]  Indeed, because of Maxwell's stubbornness, LIMITED – and the public as a whole – have had an extended time to study Maxwell's feeble arguments in support of its motion for a preliminary injunction. Any prejudice Maxwell claims to have suffered as a result of the posture of the San Diego action is entirely self-inflicted.

---

[3] On Dec. 1, 2006, LIMITED offered to withdraw its motion to dismiss in return for Maxwell dropping LIMITED's parent NessCap, Inc. from the suit.  (NessCap, Inc.'s activities are limited to raising investment capital; it is not involved in the research, development, production, or sales of ultracapacitors.) On Dec. 4, 2006, Maxwell rejected LIMITED's offer.

4

Respectfully submitted,


Dated: March 9, 2007                    EDWARDS ANGELL PALMER & DODGE LLP


                                        __/s/ Denise Seastone Kraft_____
                                        Denise Seastone Kraft (DE No. 2778)
                                        919 North Market Street
                                        Wilmington, DE  19801
                                        (302) 425-7106
                                        (888) 325-9741 (fax)


                                        *Attorneys for NessCap Co., Ltd.*

**OF COUNSEL:**

George W. Neuner (*Of the Massachusetts Bar*)
Brian M. Gaff (*Of the Massachusetts Bar*)
EDWARDS ANGELL PALMER & DODGE LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (fax)

5

# APPENDIX B

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| NESSCAP CO., LTD., | |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | Civil Action No.: 1:06-cv-00764-GMS |
| MAXWELL TECHNOLOGIES, INC. | |
| Defendant. | |

## <u>ORDER</u>

**IT IS HEREBY ORDERED** that Nesscap Co., Ltd.'s Motion for Leave to File Sur-Reply Opposing Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of California Pursuant to 28 U.S.C. § 1404(a) is hereby:

**GRANTED,** and the Sur-Reply Opposing Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of California Pursuant to 28 U.S.C. § 1404(a) is deemed to be filed immediately.

Dated: _____, 2007

_____
Honorable Gregory M. Sleet
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Denise Seastone Kraft, hereby certify that on 9th day of March, 2007, the attached **Opening Brief in Support of NessCap Co., Ltd.'s Motion for Leave to File Sur-Reply Opposing Defendant's Motion To Transfer Venue To The United States District Court For The Southern District Of California Pursuant To 28 U.S.C. § 1404(a)** was served on the following persons and was electronically filed with the Clerk of the Court using CM/ECF:

**VIA HAND DELIVERY**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Karen E. Keller, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801

**VIA U.S. FIRST CLASS MAIL**

David C. Doyle, Esq.
Brian M. Kramer, Esq.
Morrison & Foerster LLP
12531 High Bluff Drive
Suite 100
San Diego, CA 92130

 /s/ Denise Seastone Kraft
Denise Seastone Kraft (DE No. 2778)