IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NESSCAP CO., LTD., | ) |
| Plaintiff, | ) C.A. No. 06-00764-GMS |
| v. | ) |
| MAXWELL TECHNOLOGIES, INC., | ) |
| Defendant. | ) |
| NESSCAP CO., LTD., and NESSCAP, INC., | ) |
| Plaintiffs, | ) C.A. No. 07-0035-GMS |
| v. | ) |
| MAXWELL TECHNOLOGIES, INC., | ) |
| Defendant. | ) |

### MAXWELL TECHNOLOGIES, INC.'S OPENING BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

MORRISON & FOERSTER LLP
David C. Doyle (CA Bar No. 70690)
Eric M. Acker (CA Bar No. 135805)
Brian M. Kramer (CA Bar No. 212107)
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
(858) 720-5100

*Attorneys for Defendant Maxwell Technologies, Inc.*

Dated: March 9, 2007

sd-350554

## TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ....................................................... 1

II. SUMMARY OF THE ARGUMENT ................................................................... 2

III. ARGUMENT ......................................................................................................... 2

    A. Legal Standard .......................................................................................... 2

    B. Consolidating the Cases Will Promote Judicial Efficiency Without Adding Inconvenience, Delay or Expense ................................................ 3

IV. CONCLUSION ..................................................................................................... 4

## TABLE OF AUTHORITIES

Page

**CASES**

*ATD Corp. v. Lydall, Inc.*,
  43 U.S.P.Q.2d (BNA) 1170 (E.D. Mich. 1997) ..................................................................3

*Air Prods. & Chems., Inc. v. MG Nitrogen Servs.*,
  133 F. Supp. 2d 354 (D. Del. 2001) ...................................................................................5

*Blake v. Farrell Lines, Inc.*,
  417 F.2d 264 (3d Cir. 1969) ...............................................................................................2

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ...................................................................................3

*Mentor Graphics Corp. v. Quickturn Design Sys.*,
  77 F. Supp. 2d 505 (D. Del. 1999) .....................................................................................1

*Rite-Hite Corp. v. Kelley Co.*,
  56 F.3d 1538 (Fed. Cir. 1995) ............................................................................................3

*Rohm & Haas Co. v. Mobil Oil Corp.*,
  525 F. Supp. 1298 (D. Del. 1981) ......................................................................................2

*Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.*,
  775 F. Supp. 759 (D. Del. 1991) ........................................................................................2

*Zygo Corp. v. Wyko Corp.*,
  79 F.3d 1563 (Fed. Cir. 1996) ............................................................................................4

**STATUTES**

Fed. R. Civ. P. 42 ....................................................................................................................1, 2

I.      NATURE AND STAGE OF PROCEEDINGS

Plaintiff Maxwell Technologies, Inc. ("Maxwell") moves this Court, pursuant to Fed. R. Civ. P. 42(a), to consolidate *NessCap Co., Ltd. v. Maxwell Technologies, Inc.*, C.A. No. 06-0764-GMS (D. Del. filed Dec. 14, 2006) ("the first Delaware action") with *NessCap Co., Ltd., et al. v. Maxwell Technologies, Inc.*, C.A. No. 07-035-GMS (D. Del. filed Jan. 18, 2007) ("the second Delaware action"). The two cases are related to a third case, *Maxwell Technologies, Inc. v. NessCap Co. Ltd., et al.*, No. 06-cv-02311-JAH-BLM (S.D. Cal. Filed Oct. 17, 2006) ("the San Diego action"). All three cases involve a dispute regarding Maxwell's and NessCap's respective ultracapacitor patents and products.

The first-filed San Diego action and the second Delaware action are "mirror image" lawsuits. *See generally, Mentor Graphics Corp. v. Quickturn Design Sys.*, 77 F. Supp. 2d 505, 508-509 (D. Del. 1999) (defining "mirror image" case). In the San Diego action, Maxwell alleges that NessCap's ultracapacitors infringe Maxwell's U.S. Patent Nos. 6,525,924 and 6,631,074. In the second Delaware action, NessCap seeks a declaratory judgment that its ultracapacitors do not infringe the same two patents-in-suit in the San Diego action and that those patents are invalid. In the first Delaware action, NessCap alleges that Maxwell's ultracapacitors infringe NessCap's U.S. Patent No. 6,743,544. In the same case, Maxwell filed counterclaims seeking a declaratory judgment of noninfringement and invalidity.

Maxwell filed a motion to transfer the first Delaware action to the Southern District of California on February 6, 2007. That motion is fully briefed, and the Court has scheduled a Rule 16 scheduling conference for March 29, 2007.

1

## II.     SUMMARY OF THE ARGUMENT

Consolidating the first and second Delaware actions would result in judicial economy and substantial cost savings to the parties, with no prejudice to any party and no delay in the proceedings. Each of the two cases will include the same parties, many of the same witnesses, the same accused ultracapacitor products, and the same ultracapacitor patents.

## III.    ARGUMENT

### A.    Legal Standard.

Fed. R. Civ. P. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." A district court has broad discretion when deciding whether to consolidate proceedings. *See Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3d Cir. 1969) ("[T]he trial judge, under Rule 42(a), is given the broad authority to 'make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.'") (quoting Fed. R. Civ. P. 42(a)). In applying Rule 42(a), the question is whether consolidation would facilitate the administration of justice. *See Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991). "[T]he Court must balance the savings of time and effort gained through consolidation against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981).

2

sd-362922

### B.   Consolidating the Cases Will Promote Judicial Efficiency Without Adding Inconvenience, Delay or Expense.

The three cases encompass a larger patent dispute between direct competitors in the ultracapacitor industry – Maxwell and the two NessCap entities. As explained in more detail in the briefing supporting Maxwell's Motion to Transfer filed in the first Delaware action (D.I. 12-25 in C.A. No. 06-0764-GMS, incorporated herein by reference), there is substantial overlap among the three cases. All three cases involve ultracapacitor technology. Maxwell and NessCap Co., Ltd. are parties in all three cases. The only other party, NessCap, Inc., is NessCap Co., Ltd.'s parent corporation and is a party in two of the three cases.

The only difference between the first Delaware action and the second Delaware action is that in one case, Maxwell accuses NessCap's ultracapacitors of infringing Maxwell's ultracapacitor patents; and in the other case, NessCap accuses Maxwell's ultracapacitors of infringing NessCap's ultracapacitor patent. But a patentee's own products are relevant in most patent cases, especially in the damages context. *See, e.g., Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1546-46 (Fed. Cir. 1995) (explaining factors for determining lost profits including patentee's manufacturing and marketing capability regarding its own products); *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971) (listing "*Georgia Pacific*" reasonable royalty factors, including the character of the commercial embodiment of the patentee's own products). Likewise, an accused infringer's own patents are often relevant to a determination of patent infringement and invalidity, especially in the context of infringement under the doctrine of equivalents. *See, e.g., ATD Corp. v. Lydall, Inc.*, 43 U.S.P.Q.2d (BNA) 1170, 1175 (E.D. Mich. 1997),

*aff'd in pertinent part and rev'd on other grounds*, 159 F.3d 534 (Fed. Cir. 1998) ("Lydall's patent is clearly relevant to the equivalence issue and whether ATD's and Lydall's patented products are substantially different."); *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1570 (Fed. Cir. 1996) ("The nonobviousness of the accused device, evidenced by the grant of a United States patent, is relevant to the issue of whether the change therein is substantial.").

Moreover, in these cases, the named inventors of the patents-in-suit also designed the products accused of infringement. For example, Maxwell's Dr. Roland Gallay is a named inventor of the Maxwell '924 patent asserted in the San Diego action and the second Delaware action. He is also the inventor of some of the products accused of infringing NessCap's patent in the first Delaware action. Likewise, NessCap's Dr. Sunwook Kim is a named inventor of the patent-in-suit in the first Delaware action and is believed to be an inventor of the NessCap products accused of infringing in the San Diego action and the second Delaware action. Thus, discovery, and potentially trial testimony, will be sought from the same witnesses in both the first and second Delaware cases.

IV. **CONCLUSION**

Consolidating the first and second Delaware actions will facilitate the administration of justice by minimizing the duplication of efforts in three separate patent suits involving the same technology, witnesses, patents, and accused products. For the foregoing reasons, Maxwell respectfully requests entry of an Order granting Maxwell's Motion to Consolidate.[1]

---

[1] In Maxwell's Motion to Transfer, Maxwell indicated that it would file a motion to strike the second Delaware action because it was redundant of the first-filed

Dated: March 9, 2007

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Karen E. Keller*
_____
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
kkeller@ycst.com

MORRISON & FOERSTER LLP
David C. Doyle (CA Bar No. 70690)
Eric M. Acker (CA Bar No. 135805)
Brian M. Kramer (CA Bar No. 212107)
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
(858) 720-5100
ddoyle@mofo.com

*Attorneys for Defendant Maxwell Technologies, Inc.*

---

San Diego action and violated the first-to-file rule. *See, e.g., Air Prods. & Chems., Inc. v. MG Nitrogen Servs.*, 133 F. Supp. 2d 354, 356 (D. Del. 2001) ("The Federal Circuit has recognized the first to file rule noting that, 'as a principle of sound judicial administration, the first suit should have priority, absent special circumstances.'") (quoting *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)). Maxwell still maintains that the Southern District of California is the more convenient forum for the parties and witnesses in this case; however, absent a transfer of the first Delaware action to the Southern District of California, the interest of judicial economy warrants the consolidation of the two Delaware actions before this Court.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 9, 2007, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Denise Seastone Kraft, Esquire
>EDWARDS ANGELL PALMER & DODGE LLP
>919 North Market Street
>Suite 1500
>Wilmington, DE 19801
>*dkraft@eapdlaw.com*

I further certify that on March 9, 2007, the foregoing document was served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

### BY E-MAIL AND FEDERAL EXPRESS

>George W. Neuner, Esquire
>Brian M. Gaff, Esquire
>EDWARDS ANGELL PALMER & DODGE LLP
>101 Federal Street
>Boston, MA 02110

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*kkeller@ycst.com*