## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

| | |
|---|---|
| NESSCAP CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>MAXWELL TECHNOLOGIES, INC.<br><br>    Defendant. | JURY TRIAL DEMANDED<br><br>Civil Action No.: 1:06-cv-00764-GMS |

### JOINT STATUS REPORT

Pursuant to the Court's order of March 7, 2007, Plaintiff and Counterclaim Defendant NessCap Co., Ltd. ("NessCap" or "Plaintiff") and Defendant and Counterclaim Plaintiff Maxwell Technologies, Inc. ("Maxwell" or "Defendant") submit the following Joint Status Report. To the extent that NessCap's and Maxwell's proposals differ, the differences are set forth in bracketed text.

The Court's attention is drawn to three pending motions, described more fully in paragraph 12, below.

1.  **Jurisdiction and Service.** The Court has subject matter jurisdiction over the parties and all parties are subject to the court's jurisdiction. No parties remain to be served.

2.  **Substance of the Action.**

    A.  <u>Plaintiff NessCap's assertion of its claims and defenses to Maxwell's counterclaims</u>

    On information and belief, Maxwell has infringed and is infringing United States Patent No. 6,743,544 ("the '544 patent") throughout the United States. On information and belief, Maxwell's acts of infringement include making, using, selling, offering to sell, inducing the use of, and/or contributing to the use of, products that fall within the scope of one or more claims of the '544 patent, particularly including the Boostcap® ultracapacitor. NessCap denies that the '544 patent is invalid, void, or unenforceable.

    B.  Defendant Maxwell's defenses to NessCap's claims and assertion of Maxwell's counterclaims

    Maxwell denies the allegations of infringement in the Complaint and asserts that the patent-in-suit is invalid under 35 U.S.C. §§ 102, 103, and/or 112 and is unenforceable for inequitable conduct committed by the inventors for failing to disclose prior art to the United States Patent and Trademark Office when filing the patent application.

3.  **Identification of Issues.** The factual and legal issues genuinely in dispute between the parties at this time are infringement, invalidity, and unenforceability.

4. **Narrowing of Issues.** At this time, there are no substantive dispositive or partially dispositive issues appropriate for decision on motion and there are not any litigation issues that can be narrowed by agreement or by motions at this time. However, the parties intend to work together to narrow and frame the issues and in the future may be able to stipulate to narrow the issues.

5. **Relief.** Plaintiff seeks a reasonable royalty and injunction. At this time Plaintiff is unsure of the amount and proper computation of damages since the case is in its early stages and additional discovery on this point is needed. Maxwell seeks the declaratory relief set forth in its Answer and Counterclaims.

6. **Amendment of Pleadings.** There are no known amendments to be made to the pleadings at this time. However, in the event that either party requires amendments to the pleadings as the case progresses, then it is requested by the parties that absent leave of Court, any such amendment be filed by **[NessCap's proposal: halfway through discovery, i.e., October 1, 2007] [Maxwell's proposal: July 13, 2007]**. With respect to the issue of inequitable conduct, however, motions to amend the pleadings shall be filed within thirty (30) days after the depositions of the inventors of the patent-in-suit.

7. **Joinder of Parties.** There are no known joinders to be made at this time. However, in the event that either party requires any joinders as the case progresses, then it is requested by the parties that absent leave of Court, any such joinder be accomplished

by [**NessCap's proposal: halfway through discovery, i.e., October 1, 2007**] [**Maxwell's proposal: May 11, 2007**] in such time so as not to delay trial of this matter.

8.  **Discovery.** The case involves claims and counterclaims that will require discovery in foreign countries. To the extent that documents prepared in foreign languages are required to be produced, then it is expected that such documents will be produced in their native format and subject to interpretation. The parties agree that the deadline for fact discovery should be [**NessCap's proposal: April 1, 2008 in view of the foreign (South Korea and Switzerland) discovery and resulting interpretation required**] [**Maxwell's proposal: September 28, 2007**] and the deadline for expert discovery should be [**NessCap's proposal: June 2, 2008**] [**Maxwell's proposal: December 21, 2007**]. NessCap identifies Mr. Huhnsik Chung and Dr. Hyun Jin Song as its eDiscovery liaisons. Maxwell identifies Dale Buxton and Natalie Saluk-Levey as its eDiscovery liaisons. The parties intend to work together to limit discovery and explore economic and less time consuming methods when gathering necessary information.

Both parties agree that neither party will be required to go through the Hague Convention to take depositions of party witnesses or obtain discovery of any party-related entity.

9.  **Estimated Trial Length.** The parties estimate that trial will require eight (8) days. If additional patents and accused products are included through consolidation, transfer, or otherwise, the trial will take longer.

10. **Jury Trial.** The parties request a jury trial on both the claims and the counterclaims.

11. **Settlement.** The parties discussed settlement leading up to filing the litigation currently before the Court. At the current time, the parties do not see any possibility of settlement but they are open to appropriate ADR mechanisms, including referral to the Magistrate for mediation or other ADR mechanisms.

12. **Other Matters that Counsel Considers Conducive to the Just, Speedy and Inexpensive Determination of this Action.** The parties have agreed that service of documents to be served under the Federal Rules of Civil Procedure or this Court's District Court Local Rules, with the exception of **[NessCap's proposal: original pleadings and service of process papers] [Maxwell's proposal: original pleadings]**, may be served by hand-delivery on local counsel and email delivery to all counsel of record.

Three motions are currently pending before the Court: (1) Maxwell's Motion to Transfer the Case to the United States District Court for the Southern District of California (D.I. 12); (2) NessCap's Motion for Leave to File Sur-Reply Opposing Defendant's Motion to Transfer Venue To The United States District Court For The Southern District of California Pursuant to 28 U.S.C. § 1404(a) (D.I. 28); and (3) Maxwell's Motion to Consolidate C.A. No. 06-0764-GMS With C.A. No. 07-0035-GMS (D.I. 30).

13. **Statement of Conferral.** The parties met and conferred on March 19, 2007 regarding each of the above matters and have set forth the substance of their conference as to the above matters.

Dated: March 22, 2007

| EDWARDS ANGELL PALMER & DODGE LLP | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|---|---|
| /s/ Denise Seastone Kraft<br>Denise Seastone Kraft (DE No. 2778)<br>919 North Market Street<br>Suite 1500<br>Wilmington, DE 19801<br>(302) 425-7106<br>(888) 325-9741 Fax<br><br>*Attorneys for NessCap Co., Ltd.*<br><br>**OF COUNSEL:**<br><br>George W. Neuner (*Of the Massachusetts Bar*)<br>Brian M. Gaff (*Of the Massachusetts Bar*)<br>EDWARDS ANGELL PALMER & DODGE LLP<br>101 Federal Street<br>Boston, MA 02110<br>(617) 439-4444<br>(617) 439-4170 Fax | /s/ Josy W. Ingersoll<br>Josy W. Ingersoll, Esq.<br>John W. Shaw, Esq.<br>Karen E. Keller, Esq.<br>1000 West Street<br>Brandywine Building, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-6554<br>(302) 576-3467 Fax<br>*Attorneys for Maxwell Technologies, Inc.*<br>**OF COUNSEL:**<br><br>MORRISON & FOERSTER LLP<br>David C. Doyle (CA Bar No. 70690)<br>Eric M. Acker (CA Bar No. 135805)<br>Brian M. Kramer (CA Bar No. 212107)<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 92130<br>(858) 720-5100<br>(858) 720-5125 Fax |

# Exhibit A

Case 1:06-cv-00764-GMS    Document 33-2    Filed 03/22/2007    Page 1 of 2

PROPOSED CASE SCHEDULE
*NessCap Co., Ltd. v. Maxwell Technologies, Inc.*,
C.A. No. 06-764-GMS

| EVENT | NESSCAP'S PROPOSED DATE | MAXWELL'S PROPOSED DATE |
|---|---|---|
| Joinder of Parties | October 30, 2007 | May 11, 2007 |
| Identification of Asserted Claims | October 30, 2007 | May 18, 2007 |
| Identification of Disputed Claim Terms | December 21, 2007 | June 22, 2007 |
| Amended Pleadings | October 30, 2007 | July 13, 2007 |
| Claim Construction Opening Brief | January 21, 2008 | August 24, 2007 |
| Answering Claim Construction Brief | February 18, 2008 | September 21, 2007 |
| Fact Discovery | April 1, 2008 (deadline selected in view of the foreign [South Korea and Switzerland] discovery and resulting interpretation required) | September 28, 2007 |
| Markman Hearing | March 20, 2008 | October 2007 |
| Expert Discovery | June 2, 2008 | December 21, 2007 |
| Summary Judgment Teleconference | May 19, 2008 | February 19, 2008 |
| Case Dispositive Motions | All briefing completed by July 1, 2008 | March 19, 2008 |
| Motions in Limine | All briefing completed by July 1, 2008 | April 4, 2008 |
| Proposed Pre-Trial Order | July 2008 | May 2, 2008 |
| Pre-Trial Conference | August 2008 | Summer 2008 |
| 8-day Jury Trial | September 2008 | Summer 2008 |

## CERTIFICATE OF SERVICE

      I, Denise Seastone Kraft, hereby certify that on the 22nd day of March, 2007, the attached **Joint Status Report** was served on the following persons and was electronically filed with the Clerk of the Court using CM/ECF:

**VIA HAND DELIVERY**

Josy W. Ingersoll, Esq.
John W. Shaw, Esq.
Karen E. Keller, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801

**VIA EMAIL**

David C. Doyle, Esq.
Brian M. Kramer, Esq.
Morrison & Foerster LLP
12531 High Bluff Drive
Suite 100
San Diego, CA 92130

_____
Denise Seastone Kraft (DE No. 2778)