IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NESSCAP CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> MAXWELL TECHNOLOGIES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-00764-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| NESSCAP CO., LTD. and NESSCAP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MAXWELL TECHNOLOGIES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 07-00035-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### MAXWELL TECHNOLOGIES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE C.A. 1:06-CV-00764-GMS WITH C.A. 1:07-CV-00035-GMS

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801
(302) 571-6689
kkeller@ycst.com

MORRISON & FOERSTER LLP
David C. Doyle (CA Bar No. 70690)
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
(858) 720-5100
ddoyle@mofo.com

*Attorneys for Defendant Maxwell Technologies, Inc.*

sd-365509

## TABLE OF CONTENTS

                                                                                                                                           **Page**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 3

      A. NessCap's Allegations of "Procedural Shenanigans" Are Unfounded ................................................................................................ 3

      B. Consolidating the Two Delaware Actions Will Promote Judicial Efficiency Without Adding Inconvenience, Delay, or Expense ............... 4

      C. By Filing its Lawsuit Against Maxwell, NessCap Commenced the Civil Action and Cannot Prevent the Court From Considering Consolidation........................................................................................... 4

      D. Maxwell Satisfied Local Rule 7.1.1 By Making Reasonable Efforts to Contact NessCap About the Motion to Consolidate ................ 7

III. CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ayres v. Jacobs & Crumplar, P.A.*,
   99 F.3d 565 (3d Cir. 1996) ...................................................................................... 6, 7

*Hanna v. Plumer*,
   380 US 460 (1965) ........................................................................................................ 5

*Lampe v. Xouth, Inc.*,
   952 F.2d 697 (3d Cir. 1991) ..................................................................................... 5, 6

*Sampath v. Concurrent Techs. Corp.*,
   227 F.R.D. 399 (W.D. Pa. 2005) .................................................................................. 6

*Swindell-Dressler Corp. v. Dumbauld*,
   308 F.2d 267 (3d Cir. 1961) ......................................................................................... 7

*Tarbox v. Walters*,
   192 F. Supp. 816 (E.D. Pa. 1961) ................................................................................. 5

## STATUTES

Fed. R. Civ. P. 3 ................................................................................................... 2, 4, 5, 7

Fed. R. Civ. P. 12 ....................................................................................................... 6, 7

## LOCAL RULE

D. Del. L.R. 7.1.1 ................................................................................................ 2, 7, 8, 9

## MISCELLANEOUS

1 *Moore's Federal Practice* § 3.02[1] .............................................................................. 5

I.  **INTRODUCTION**

Since commencing the first-filed San Diego action in October 2006, Maxwell's consistent goal has been to resolve its patent dispute with NessCap in an efficient and reasonable way in a single forum.  But NessCap has used its foreign citizenship and any other available tools to thwart the rapid and orderly resolution of this patent dispute. Now, NessCap accuses Maxwell of "procedural shenanigans" and opposes consolidation and the subsequent transfer of its two Delaware actions.  NessCap's rhetoric omits a critical fact – NessCap successfully convinced the San Diego Court to quash Maxwell's service of the San Diego complaint upon LIMITED.  Because the San Diego Court held that LIMITED could not be served in Delaware, Maxwell is serving LIMITED in Korea under the Hague Convention, a process that can take up to nine months.  Because of NessCap's continued delay tactics, Maxwell may need to avail itself of this Court's jurisdiction – the only jurisdiction in which service has been effectuated on both NessCap entities – so it can get past NessCap's procedural gamesmanship and resolve the litigation on the merits.

NessCap forgets that it is the party who filed the two lawsuits against Maxwell in this Court, both of which should have been brought as counterclaims to the first-filed San Diego action.  NessCap then focuses on two meritless procedural arguments, leaving the following points undisputed regarding the first Delaware action, the second Delaware action, and the first-filed San Diego action:

- All three cases involve the same parties.
- All three cases involve the same technology.
- All three cases will have some overlapping witnesses from both NessCap and Maxwell.

1

- The district court in San Diego is set to hear the now fully-briefed preliminary injunction arguments regarding NessCap Inc.'s infringing activity on April 5, 2007.
- Consolidation would result in judicial efficiency without added expense or delay.

NessCap does not address any of these points and presumably concedes each. Instead, NessCap claims that the motion to consolidate is not before the Court, despite NessCap filing a complaint, Maxwell answering the complaint, and the clerk having assigned a case number and presiding judge. NessCap also argues that it is entitled to unilaterally halt the filing of Maxwell's motion to consolidate by simply claiming to be unavailable to meet and confer under Local Rule 7.1.1. Both arguments are meritless.

Under Federal Rule of Civil Procedure 3, "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. NessCap filed two complaints (C.A. No. 06-764-GMS on Dec. 14, 2006, and C.A. No. 07-035-GMS on Jan. 18, 2007) against Maxwell and "commenced" two civil actions. Once "commenced," nothing precludes the Court from exercising its power to consolidate the two cases under Rule 42(a).

Regarding its "meet and confer" claim, Maxwell made reasonable efforts under the circumstances to ascertain NessCap's position on the motion. Maxwell waited nearly 24 hours after contacting NessCap to file its motion to consolidate and was not required to wait until sometime "next week" for NessCap to return its messages. As described in more detail below, NessCap claimed to be unavailable to confer, yet managed to file its own motion before this Court several hours later. Regardless, its position on consolidation was already made known to Maxwell. Twice in the previous 14 days, NessCap had filed papers opposing Maxwell's motion to transfer; and its

2

opposition was premised on its arguments that the subject matter of the first Delaware action and second Delaware action were unrelated and should not be consolidated through transfer. (D.I. 18-23, 29 in C.A. No. 06-764-GMS.) Thus, instead of waiting a week for NessCap's inevitable "no," and after giving NessCap 24 hours to address the motion, Maxwell filed its motion so that it could be fully briefed before the March 29, 2007 scheduling conference.

## II.  ARGUMENT

### A.  NessCap's Allegations of "Procedural Shenanigans" Are Unfounded.

NessCap is the plaintiff in both Delaware actions. It filed the second Delaware action with an improper forum-shopping motive and no intention of actually pursuing the case. NessCap now accuses Maxwell of "hijacking" the second Delaware action and "refusing" to allow the termination of the case brought by NessCap. That is simply not true. Maxwell will dismiss its counterclaims in the second Delaware action once all three cases are consolidated into a single action. Thus, if the Court grants the motions to consolidate and transfer, Maxwell will drop its counterclaims in the second Delaware action.

NessCap also omits the important detail that it successfully argued in San Diego that Maxwell could not serve its complaint against LIMITED in Delaware. Judge Houston quashed Maxwell's attempt to serve LIMITED in Delaware (and New York) and ordered that Maxwell serve LIMITED within 45 days. (D.I. 34, Gaff Decl., Ex. 7 at 8-14.) Maxwell is attempting to do so in South Korea under the Hague Convention, but the process takes between three to nine months. Thus, the District of Delaware is the only Court over which service of process over LIMITED has been effectuated. It

remains possible that the entire action against LIMITED will need to be tried in this Court. While San Diego is a more correct, convenient forum for the reasons stated in Maxwell's motion to transfer, it is premature for Maxwell to drop its counterclaims at this time.

      **B.**    **Consolidating the Two Delaware Actions Will Promote Judicial Efficiency Without Adding Inconvenience, Delay, or Expense.**

By only raising procedural arguments that the Court should not consider Maxwell's motion to consolidate, NessCap is not excused from addressing the merits of the motion. NessCap does not dispute in substance any of the points made by Maxwell in its opening brief, namely that consolidating the two cases will be more efficient for the parties and the Court without adding inconvenience or expense.[1] For example, all discovery will be consolidated, common witnesses will not provide multiple depositions or trial testimony, and multiple juries will not be needed to hear multiple trials. The motion should be granted as essentially unopposed on the merits.

      **C.**    **By Filing its Lawsuit Against Maxwell, NessCap Commenced the Civil Action and Cannot Prevent the Court From Considering Consolidation.**

NessCap claims that it is permitted to file a lawsuit against Maxwell and thereafter unilaterally stay the case until it is ready to proceed. NessCap cites the intricacies of Fed. R. Civ. P. 4, but ignores the more fundamental principle of Rule 3: "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. On December 14, 2006, and again on January 18, 2007, NessCap's lawyers came to the clerk's office in the J. Caleb Boggs Federal Building, paid the $350 filing fees, and filed complaints against Maxwell. Under Rule 3, both lawsuits "commenced."

---

[1]    NessCap incorporates its opposition to Maxwell's motion to transfer. But even in that opposition, NessCap does not dispute the above points.

4

NessCap specifically argues that under Rule 4, the second Delaware action is not "before the Court" until Maxwell has accepted service of the complaint. That would have been true 70 years ago; but when adopted in 1938, the Federal Rules of Civil Procedure changed the common law practice of commencing a lawsuit by serving a complaint on the defendant to the current practice of commencing suit by filing the complaint with the court. *See* 1937 Advisory Committee Notes to Fed. R. Civ. P. 3; 1 *Moore's Federal Practice* § 3.02[1] (Matthew Bender 3d ed.) ("A civil action is commenced by the filing of a complaint with the court pursuant to Rule 3. Thus, an action is not commenced by service of process under Rule 4, filing a motion with the court, granting of a motion by the court, or by filing a right-to-sue letter.").

NessCap's reliance on Rule 4 is misplaced. The purpose of Rule 4 is to ensure that the defendant actually gets notice of commencement of an action against him. *Hanna v. Plumer*, 380 US 460, 463 (1965); *Tarbox v. Walters*, 192 F. Supp. 816, 817 (E.D. Pa. 1961) ("The basic purpose of the Rules as to service is to assure that the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend."). Maxwell received notice of the lawsuit and began its duty to defend. Nothing in the rule precludes Maxwell from defending itself before NessCap fulfils its service obligations.

NessCap confuses commencement of an action and the exercise of personal jurisdiction. NessCap is correct that absent any other activity, the Court cannot exercise personal jurisdiction over a defendant until the plaintiff serves the complaint upon the defendant. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1991) ("It is an elementary requirement that personal jurisdiction must be established in every case before a court

has power to render any judgment."). Maxwell does not dispute that this Court needs personal jurisdiction over both parties before it can render a judgment. Maxwell likewise does not dispute that one way a court obtains personal jurisdiction is for the complaint and summons to be issued by the clerk and served upon the defendant. *See id.* at 701. ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant."). But NessCap overlooks, and none of the cases cited by NessCap address, that there is another way by which Maxwell can subject itself to personal jurisdiction – by answering the complaint without raising an objection to lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(h)(1) (noting that a defense of lack of personal jurisdiction or insufficiency of service of process is waived if not raised in answer or motion to dismiss). Here, Maxwell filed its answer without raising a defense of lack of personal jurisdiction or filing a motion to dismiss.

None of the three cases cited by NessCap that purportedly stand for the proposition that service of process must be effectuated before a case can proceed is on point. First, in *Lampe*, the defendant had not yet answered the complaint. 952 F.2d at 700-02. Thus, the court's conclusion that "[e]ffective service of process is therefore a prerequisite to proceeding further," is not applicable in this case because personal jurisdiction over Maxwell has been established here by the filing of the answer. Second and similarly, in *Sampath v. Concurrent Techs. Corp.*, 227 F.R.D. 399 (W.D. Pa. 2005), no answer had been filed. The issue before the court was defendant's motion to dismiss for insufficiency of service of process. *Id.* at 400. Here, Maxwell has voluntarily waived challenges to personal jurisdiction and insufficiency of service of process by filing its answer without those objections. Fed. R. Civ. P. 12(h)(1). Third, *Ayres v.*

*Jacobs & Crumplar, P.A.*, 99 F.3d 565, 566 (3d Cir. 1996), is not on point because the defendants filed an answer but specifically raised a challenge to sufficiency of service of process in their answer. Maxwell did not raise such a challenge here.

Another distinction between this case and the three cases cited by NessCap is that none of the three involved a motion to consolidate.[2] Maxwell is not asking the Court to enter a judgment in its favor in this motion. Rather, it is asking the Court to consolidate this case with the first Delaware action filed by NessCap one month earlier. Rule 42(a) only requires that the two actions are "pending before the court." Even if service of process still needs to be effectuated, both the first Delaware action and second Delaware action are "pending before the court" under Rule 3.[3]

### D. Maxwell Satisfied Local Rule 7.1.1 By Making Reasonable Efforts to Contact NessCap About the Motion to Consolidate.

As an initial matter, Maxwell notes that it regrets having to address such an inconsequential, finger-pointing argument. Unfortunately, it is NessCap's main argument, making it irresponsible to just ignore it. NessCap misreads Local Rule 7.1.1 to allow misuse of it as a tool for delay. To preclude such misuse, the rule requires "a reasonable effort to reach agreement," not acquiescence in tactical stalling. D. Del. L.R.

---

[2] Another case cited by NessCap, *Swindell-Dressler Corp. v. Dumbauld*, 308 F.2d 267 (3d Cir. 1961) involved consolidation, but does not have anything to do with service of process. In that case, the district judge *sua sponte* consolidated two cases and transferred them out of state with no notice to the parties and without a hearing. The Third Circuit issued a writ of mandamus directing the district court to give the parties an opportunity to be heard before transferring the case. *Id.* at 273-74.

[3] Maxwell's answer to the complaint was not "premature." Rule 12 states that the deadline for filing an answer to a complaint is "20 days after being served with the summons and complaint. . . ." Neither Rule 12, nor any case cited by NessCap, precludes the filing of an answer after the filing of the complaint but before service of the summons and complaint.

7.1.1. The reasonableness of a party's effort will depend on the circumstances of each case. Here, Maxwell made a reasonable effort.

NessCap's opposition to the motion to consolidate was no mystery. Instead of filing one lawsuit in Delaware against Maxwell, NessCap filed two separate lawsuits in the same court over a 35-day period. The second Delaware action was a "mirror image" lawsuit to the San Diego action, which had been filed two months before the first Delaware action and three months before the second Delaware action. NessCap could have raised all claims in the first Delaware action, but purposely chose to pursue the actions as separate lawsuits. In the 14 days preceding the filing of Maxwell's motion to consolidate, NessCap had filed two separate briefs with the Court, arguing that the subject matter of the first and second Delaware actions was unrelated and opposing Maxwell's motion to transfer the first Delaware action to the Southern District of California, where the cases would presumably be consolidated. (D.I. 18-23, 28-29 in C.A. No. 06-764-GMS.)

Despite knowing NessCap's certain response to a motion to consolidate, Maxwell waited nearly 24 hours to file its motion after contacting NessCap's lawyers. NessCap responded with a claim that it was unavailable to participate in a telephone conference to discuss the motion. (D.I. 34 in C.A. No. 06-764-GMS, Gaff Decl., Exs. 1-4.) Yet, just hours later, NessCap filed its own motion before the Court seeking to file a sur-reply brief to the motion to transfer. (D.I. 28 in C.A. No. 06-764, filed on March 9, 2007 at 5:08 p.m.)[4]

---

[4] NessCap tries to explain how it could be available to file its own brief but unavailable to meet and confer with Maxwell at the same time by suggesting that its sur-reply was "previously prepared" but withheld until March 9. (D.I. 34 at 7.) If true, that

8

NessCap's Local Rule 7.1.1 argument is the pot calling the kettle black.[5] Maxwell's March 9, 2007 motion to consolidate contains a Local Rule 7.1.1 certification. (D.I. 30 in C.A. No. 06-764.) NessCap's March 9, 2007 motion to file a sur-reply brief opposing the motion to transfer, on the other hand, contains no Rule 7.1.1 certification. (D.I. 28.) That was not an oversight. NessCap never contacted Maxwell seeking to reach an agreement regarding NessCap's motion. NessCap's *ipso facto* argument in footnote 2 – "Maxwell's claim that LIMITED failed to include a D. Del. LR 7.1.1 certification in its Motion for Leave to File a Sur-Reply (D.I. 28) is without merit" (D.I. 34 at 7 n.2.) – does not dispute that there is no Rule 7.1.1 certification attached to NessCap's brief. (D.I. 28.) It is simply not there.[6] Maxwell has since filed an opposition to that motion. Knowing that this Court's interest is in the merits rather than petty squabbling, Maxwell did not move to strike NessCap's motion for its lack of compliance with the local rules. (D.I. 32.)

---

just bolsters Maxwell's position that the goal of NessCap's gamesmanship is to drag out the briefing schedule and avoid a fully-briefed discussion of the motions to transfer and consolidate at the March 29, 2007 scheduling conference.

[5]     This is the second time that NessCap has used Local Rule 7.1.1 as a delay tool. When Maxwell filed its motion to transfer, NessCap claimed that Maxwell's "meet and confer" was inadequate despite the fact that NessCap's lawyer, Denise Kraft, orally discussed the motion with Maxwell's lawyer before Maxwell filed its motion. (D.I. 34, Gaff Decl., Ex. 6.) Maxwell "made a reasonable effort" to confer with NessCap on that motion. Instead of bothering the Court with another petty squabble, Maxwell consented to giving NessCap additional time to respond to the motion to transfer.

[6]     NessCap's statement in the same footnote that the parties discussed Maxwell's motion on February 8, 2007, makes no sense. The motion for which NessCap failed to submit a Local Rule 7.1.1 certification is NessCap's March 9, 2007 motion for leave to file a sur-reply brief a month later. (D.I. 28.) The parties did not discuss a sur-reply brief on February 8. Neither the opposition brief nor reply brief had been filed yet.

9

### III. CONCLUSION

Consolidating the first and second Delaware actions will facilitate the administration of justice by minimizing the duplication of efforts in three separate patent suits involving the same technology, witnesses, patents, and accused products. Because NessCap has availed itself to this jurisdiction, and because NessCap Inc. and NessCap LIMITED have both been served with Maxwell's counterclaims to the first and second Delaware actions, consolidation and transfer to San Diego will obviate the need for service under the Hague Convention and will move this case forward. Maxwell respectfully requests entry of an Order granting Maxwell's Motion to Consolidate.

Dated: March 27, 2007       YOUNG CONAWAY STARGATT & TAYLOR

/s/ Karen E. Keller
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6689
kkeller@ycst.com

MORRISON & FOERSTER LLP
David C. Doyle (CA Bar No. 70690)
Eric M. Acker (CA Bar No. 135805)
Brian M. Kramer (CA Bar No. 212107)
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
(858) 720-5100
ddoyle@mofo.com

*Attorneys for Defendant Maxwell Technologies, Inc.*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 27, 2007, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Denise Seastone Kraft, Esquire
EDWARDS ANGELL PALMER & DODGE LLP
919 North Market Street
Suite 1500
Wilmington, DE 19801
*dkraft@eapdlaw.com*

I further certify that on March 27, 2007, the foregoing document was served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

**BY E-MAIL AND FEDERAL EXPRESS**

George W. Neuner, Esquire
Brian M. Gaff, Esquire
EDWARDS ANGELL PALMER & DODGE LLP
101 Federal Street
Boston, MA 02110

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*kkeller@ycst.com*